UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CARLOTA ACUNA,

    Plaintiff,

v.

    Case No.:

LIFE INSURANCE
COMPANY OF NORTH AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Carlota Acuna, by and through undersigned counsel hereby files her Complaint against Defendant, Life Insurance Company of North America, and says:

### I. JURISDICTION AND VENUE

1.    Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2.    Plaintiff, Carlota Acuna ("Ms. Acuna"), is a resident of Miami-Dade County in Florida and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy") Defendant, Life Insurance Company of North America (hereinafter "LINA" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.    FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. At all times material, LINA operated under an inherent structural conflict of interest because of LINA's dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. Acuna was employed with Cigna Group Insurance Company, as a Nurse Case Manager Specialist. By virtue of her employment at Cigna Group Insurance Company, Ms. Acuna was an eligible participant of the long-term policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Ms. Acuna a monthly benefit in the event that she became disabled.

7. The long-term disability policy defined Disability, in pertinent part, as follows:

> *The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is unable to perform the material duties of his or her Regular Occupation or a Qualified Alternative.*
>
> *After Long Term Disability Benefits have been payable for 18 continuous months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is unable to perform the material duties of any occupation for which he or she, or may reasonably become, qualified based on education, training or experience.*

8. Ms. Acuna suffers from multiple medical conditions and symptoms, including, but not limited to: fibromyalgia, hypersomnia, iron-deficiency anemia caused by microcytic hypochromic anemia secondary to iron deficiency due to menorrhagia/ malabsorption, generalized pain, fatigue, interrupted sleep, short-term memory impairment with word finding difficulty, degenerative joint disease and degenerative disc disease at the cervical and lumbar spine, central disc protrusion

abutting left L5 nerve root, major depressive disorder, ADHD, OCD and Anxiety Disorder, as well as hypersensitivity to light, noise and temperature.

9. Ms. Acuna was forced to discontinue working on August 25, 2012 due to her disabling conditions.

10. In accordance with the procedures set forth by the long-term disability policy, Ms. Acuna notified Defendant that she was disabled.

11. Defendant approved Ms. Acuna's long-term disability benefits effective February 25, 2013.

12. Defendant terminated Ms. Acuna's long-term disability benefits in a letter dated November 13, 2014.

13. Defendant's decision to terminate Ms. Acuna's benefits was based on the medical reviews of Behavioral Health Specialist Becky Williams and Dr. Peter Volpe.

14. Ms. Acuna timely appealed Defendant's decision to deny her long-term disability benefits in a letter dated May 13, 2015.

15. Defendant's denial of Ms. Acuna's appeal was based on the medical reviews of Behavioral Health Specialist Becky Williams, Dr. Shadrach H. Jones, IV, and Nurse Case Manager Linda Price.

16. Defendant denied Ms. Acuna's appeal for long-term disability benefits. Defendant communicated its decision via letter dated May 21, 2015.

17. Ms. Acuna timely appealed Defendant's decision to deny her long-term disability benefits in a letter dated November 18, 2015.

18.     Defendant denied Ms. Acuna's appeal for long-term disability benefits by letter dated August 1, 2016. Ms. Acuna received this letter from Defendant by facsimile transmission dated August 17, 2016.

19.     Ms. Acuna exhausted her appeals under ERISA.

20.     In terminating Ms. Acuna's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

21.     The termination of Ms. Acuna's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

22.     The termination of Ms. Acuna's disability benefits breached the fiduciary duties owed to Ms. Acuna under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Acuna as a participant of long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein and says further that:

23.     Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

24.     Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

25. Defendant has refused to pay the benefits sought by Ms. Acuna, ignoring the medical records and clear opinions of her physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 25 as if fully stated herein and says further that:

26. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 26 as if fully stated herein and says further that:

27. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

28. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

29. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Carlota Acuna, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this   2nd   day of September, 2016.*

BY:  /s/ Edward P. Dabdoub
Edward Philip Dabdoub (FBN. 45685)
Eddie@longtermdisability.net
Geannina Burgos (FBN. 113242)
nina@longtermdisability.net
WAGAR DABDOUB, P.A.
1600 Ponce de Leon Blvd., Ste 1205
Miami, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsels for Plaintiff, Carlota Acuna*